UNITED STATES BANKRUPCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

M. DAVIS MANAGEMENT, INC,            Case No.:  6:09-BK-02071-KSJ

    Debtor,
_____/

M. DAVIS MANAGEMENT, INC.

    Plaintiff,
vs.            Adversary Proc. No.: 6:10-ap-00237-KSJ

DENNIS ZINK AND MICHELLE ZINK,

    Defendant,

And

TRUIST BANK,

    Garnishee.
_____/

**ANSWER TO WRIT OF GARNISHMENT AND DEMAND FOR ATTORNEY'S FEES**
**(As to Michelle Zink)**

COMES NOW, Garnishee, Truist Bank, formerly known as Branch Banking and Trust Company, as successor by merger to SunTrust Bank, by and through its undersigned counsel and files its answer to Plaintiff's Writ of Garnishment and states as follows:

1. Garnishee states that at the time of the service of the Writ, plus sufficient time not to exceed one business day for Garnishee to act expeditiously on the Writ, and at the time of its Answer and at all times between service of the Writ and its Answer, Garnishee's records reflect the following account which may be subject to the Writ:

| ACCOUNT TYPE AND NUMBER | NAME AND ADDRESS | AMOUNT HELD IN ACCT. | BALANCE AS OF SEPTEMBER 2, 2021 |
|---|---|---|---|
| Checking Account # ending 9939 | ROBERT JD ZINK OR MICHELE ZINK 225 COUNTRY CLUB DR UNIT F1101 LARGO FL 33771 | Balance in account is $5,904.40. Holding $5,904.40 pursuant to the Writ of Garnishment. | $8,086.89 |
| Checking Account # ending 7934 | MICHELE ZINK 6614 63RD TER E BRADENTON FL 34203-9777 | Balance in account is $1,327.43. Holding $1,327.43 pursuant to the Writ of Garnishment. | $1,104.35 |

2. Pursuant to the Provisions of § 77.06(2) and (3), Garnishee has set aside the above referenced sums subject to the Writ.

3. Except as provided in paragraph 2, Garnishee has no obligation to make, and has not made, a determination as to the ownership of the subject funds or as to whether any of the funds are subject to any exemption provided to Defendant, and/or other persons or entities under Federal or State law.

4. Should the Court determine that the Garnishor is entitled to a judgment in garnishment, Garnishee request that the judgment of garnishment contain specific instructions regarding the disposition of the asset in the account.

### DEMAND FOR PAYMENT OF GARNISHMENT FEE

Garnishee is entitled to attorneys' fees and cost as provided in Fla. Stat. §77.28. in accordance with section 77.28, Florida Statutes, as amended on July 1, 2014, and having filed the Answer of Garnishee to the Writ in this case, Garnishee hereby demands from the Garnishor the payment of the $100.00 statutory garnishment fee in partial payment of its attorneys' fees. The

statutory garnishment fee of $100.00 shall be made in the form of a check, payable to GrayRobinson, P.A., Garnishee's attorneys, referencing 19-01787-AJC and mailed to:

GRAYROBINSON, P.A.<br>
333 S.E. 2nd Avenue, Suite 3200<br>
Miami, FL 33131

GRAY ROBINSON, P.A.
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131
Telephone:    (305) 416-6880
Facsimile:    (305) 416-6887
*Attorneys for Garnishee*

 */s/ Alexandra de Alejo*
Alexandra de Alejo, Esq.
Florida Bar No. 43108

**Designated email addresses for pleadings**
alexandra.dealejo@gray-robinson.com
fiona.johnson@gray-robinson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been filed via the CM/ECF and served via email and/or U.S. Mail on this 5th day of October, 2021 to:

RICHARD B. WEINMAN, ESQUIRE
WINDERWEEDLE, HAINES, WARD & WOODMAN, P.A.
PO BOX 880
WINTER PARK, FL 32790

*/s/ Alexandra de Alejo*
Alexandra de Alejo, Esquire